# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY COLLINS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-01067-JD |
| SONIC CORP. d/b/a SONIC DRIVE-IN, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Consistent with United States Supreme Court authority, if a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is pending, the Local Civil Rules of this district prohibit parties from conducting formal discovery until that motion has been resolved. *See* LCvR26.3(a). Plaintiff Danny Collins ("Collins") has filed a Motion to Permit Discovery ("Motion") [Doc. No. 40], seeking relief from LCvR26.3(a). Defendant Sonic Corp. ("Sonic") has filed a response in opposition ("Response") [Doc. No. 41], and Collins did not file a reply. Binding case law provides that formal discovery should be locked until a party demonstrates that he can state a plausible claim. For the reasons stated below, the Court denies the Motion.

## I. Background

Collins filed this lawsuit as a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. [Doc. Nos. 1, 25].

Sonic filed its motion to dismiss [Doc. No. 31], including seeking dismissal under Federal Rule of Civil Procedure 12(b)(6).

Under LCvR26.3(a), discovery cannot commence if, as here, a Rule 12(b)(6) motion is pending, unless the parties stipulate or the Court grants a motion for discovery. Collins requests that the Court lift the stay provided for in LCvR26.3(a) so that Collins can obtain discovery to prosecute this case because "memories fade with the passage of time, relevant witnesses may conclude their employment with Defendant or relevant third parties, and documents and data may be lost." Motion at 2. Sonic states that "there is no reason to deviate from this Court's practice and permit discovery before a ruling on Sonic's Motion to Dismiss for Failure to State a Claim . . . which will likely dispose of this matter in its entirety, obviating the need for any discovery." Response at 1. Sonic also contends that there is no risk that physical evidence will be lost, and that the case will rely on documentary evidence and not memories, so witness memories are not a concern. Response at 2–3.

## II. Discussion

Collins puts the cart before the horse. As the Supreme Court has repeatedly instructed, the doors of discovery are "locked" until a plaintiff states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). If a party does not first state a plausible claim, the party is "not entitled to discovery." *Id.* at 686.

The Court sees no reason to depart from LCvR 26.3(a) in this case, and the request for discovery is premature because a Rule 12(b)(6) motion is pending. Consequently, the Court DENIES the Motion [Doc. No. 40].

IT IS SO ORDERED this 29th day of March 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE