# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DANNY COLLINS, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.              Case No. CIV-20-01067-JD

SONIC CORP., a Delaware corporation
d/b/a SONIC DRIVE-IN,

    Defendant.

## ORDER

Under federal law, telemarketers can be liable if they send people more than one communication that violates federal telemarketing regulations. Plaintiff Danny Collins ("Collins") filed this suit claiming that Defendant Sonic Corp. ("Sonic") sent him two text messages in violation of federal regulations. Sonic filed a Motion to Dismiss ("Motion") [Doc. No. 31], Collins responded [Doc. No. 32], and Sonic replied [Doc. No. 33]. Because Sonic only sent one text message that plausibly violated telemarketing regulations, Collins has not stated a claim. Therefore, the Court grants the Motion and dismisses the amended complaint.

## I. Background

Collins alleges that on July 11, 2020, Sonic sent him a telemarketing text message advertising that "[t]he BBLT is back at SONIC and bringing the bacon!" (the "July 11 Text"). [Doc. No. 25 at 6].[1] Collins, apparently not tempted by the prospect of "six slices

---

[1] The Court cites ECF page numbering.

of crispy bacon, hand-cut tomatoes, fresh lettuce and creamy mayo," [*id.*], responded "Stop" within a minute of receiving this text message. [*Id.*]. Sonic confirmed via another text message that Collins "will no longer receive text messages from SONIC" one minute later. [*Id.*].[2] Notwithstanding this confirmation, Sonic sent Collins another text message on July 22, 2020, inviting him to "Celebrate Nat'l Hot Dog Day at SONIC!" (the "July 22 Text"). [*Id.*].

Collins filed suit three months later alleging that these communications violated the Telephone Consumer Protection Act ("TCPA"). [Doc. No. 1]. In his amended complaint, Collins brings one count of a violation of 47 U.S.C. § 227(c)(5) on behalf of himself and a putative class, alleging that Sonic violated the regulations in 47 C.F.R. §§ 64.1200(d)(3), and (6). [Doc. No. 25 at 11–12].

Sonic seeks to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Collins fails to allege he received more than one message from Sonic in violation of the regulations, and (2) there is no private cause of action for these kinds of alleged violations. The parties both submitted notices of supplemental authority on the second argument. [Doc. Nos. 35, 37, 38]. Because dismissal is warranted on the first basis, the Court does not address Sonic's second argument.

---

[2] The parties agree that this confirmatory text was not in violation of telemarketing regulations.

II. **Applicable Law**

A. **Dismissal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (citation omitted).

The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under this standard, all well-pled factual allegations are accepted as true. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (citation omitted).

B. **Section 227(c) of the TCPA**

Section 227(c) of the TCPA instructs the Federal Communications Commission ("FCC") to promulgate regulations to establish and operate a national database of telephone numbers of people who object to receiving telephone solicitations, and permits the FCC to prohibit telephone solicitations to any number in the database. 47 U.S.C.

§ 227(c). The FCC promulgated these regulations that, in general, prohibit "telemarketers from placing telephone calls to residential telephone subscribers without following certain procedures." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628–29 (6th Cir. 2009). The TCPA provides a claim if a person "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under" § 227(c)(5). *See* 47 U.S.C. § 227(c).

**C.     Relevant Telemarketing Regulations: 47 C.F.R. §§ 64.1200(d)(3) and (6)**

If a person requests that the telemarketer not contact them, telemarketers must honor a person's "do-not-call" request and must maintain a list of such do-not-call requests for five years. 47 C.F.R. §§ 64.1200(d)(3), (6). 47 C.F.R. § 64.1200(d)(6) requires a telemarketer to maintain a list of individuals who have requested not to be called, and § 64.1200(d)(3) requires the telemarketer to comply with a person's request not to be called. *See also Childress v. DeSilva Auto. Servs., LLC*, No. CIV 20-0136 JB\JHR, 2020 WL 3572909, at *8 (D.N.M. July 1, 2020) (describing the same).

A person can object directly to the telemarketer and opt out of further communications, or they can put themselves on a federal do-not-call registry. *See* 47 C.F.R. §§ 64.1200(c) and (d). *Cf. Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1029 (D.N.M. 2020) (stating that "Plaintiff may properly base his [TCPA] claim on a violation of [47 C.F.R. § 64.1200(c)], and has done so here by alleging that Jane Does made telephone solicitations on Defendants' behalf more than once within 12 months to his phone number that was registered on the national do-not-call registry.").

### III. **Discussion**

Sonic claims that § 227(c)(5) was not triggered because Collins did not receive *more than one* text after he objected or opted out on July 11, 2020. *See generally* Motion. In essence, Sonic claims that the July 11 Text was not sent "in violation of" any regulation under the facts alleged here, and after Collins demanded that Sonic "Stop," § 227(c)(5) requires that Sonic would need to send at least two texts after that point. *Id.*

Collins argues that § 227(c)(5) makes no mention of the distinction between texts received before or after objecting or opting out; instead Collins simply focuses on Sonic sending two, allegedly violative messages within a twelve-month period. [Doc. No. 32 at 6]. The parties appear to agree that Collins could state a plausible claim that the July 22 Text violated § 227(c)(5). But Collins must show Sonic sent at least two texts in violation of regulations. *See* 47 U.S.C. § 227(c)(5). The focus is therefore on the July 11 Text.

Collins argues that the second, post-objection text that he received from Sonic on July 22 is an *indication* that Sonic did not adequately maintain and honor a list of individuals who may not be called under 47 C.F.R. § 64.1200(d). Put another way, Collins argues that based on Sonic's purported violation of 47 C.F.R. §§ 64.1200(d)(3) and (6) on July 22, it is plausible to infer that Sonic also did not adequately maintain an internal do-not-call list and policy at the time it sent the July 11 Text either, and if the Court now views these two texts together, Collins satisfies the two-text minimum required by § 227(c)(5). *See* [Doc. No. 32 at 5–7 (describing the "reasonable inference" that Collins would not have received the July 22 Text after opting out if Sonic had

adequately "maintain[ed] and properly utilize[d] the legally required internal do-not-call list and related procedures")].

The Court agrees with Sonic's position. The Court must honor the plain text of § 227(c)(5), requiring that more than one text be sent to Collins "*in violation of* the regulations prescribed" in that section. 47 U.S.C. § 227(c)(5) (emphasis added). Nothing before the Court shows that the first text was not lawfully sent. Looking at the two regulations that have been invoked by Collins and the well-pled factual allegations:

- Collins has not stated a plausible claim for the July 11 Text based on a violation of 47 C.F.R. § 64.1200(d)(3) because that regulation requires Sonic comply with Collins's request not to be called, and Collins does not allege that he made such a request prior to the July 11 Text. *See* [Doc. No. 25].
- Collins has not stated a plausible claim for the July 11 Text based on a violation of 47 C.F.R. § 64.1200(d)(6), which requires Sonic to maintain a list of consumers who may not be called, because there is no apparent reason that Collins should have been on such a list at the time, or least none alleged.

Thus, looking at the July 11 Text on its own, Collins has not plausibly alleged that it was sent in violation of 47 C.F.R. §§ 64.1200(d)(3) or (6). *Cf. Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 657 (4th Cir. 2019) ("The statute marks its own boundary. Suit can only be brought by those who receive multiple violative calls. Calls are only violative if the phone number was on the Do-Not-Call registry.").

The Court is not persuaded by Collins's novel argument that because Sonic might have violated 47 C.F.R. §§ 64.1200(d)(3) or (6) by sending the July 22 Text, the Court

should assume or infer that Sonic was also in violation of the relevant regulations when it sent the July 11 Text. But that possibility is "short of the line" of plausibility. *Twombly*, 550 U.S. at 546. It stops short of Collins plausibly demonstrating that the July 11 Text itself was sent to him "in violation of" the telemarketing regulations. 47 U.S.C. § 227(c)(5); *Kyle v. Fed. Trade Comm'n*, No. 21-MC-9004-SRB, 2021 WL 1407960, at *5 (W.D. Mo. Apr. 14, 2021) (Congress enacted do-not-call legislation "[t]o ensure telemarketer compliance and to vindicate the harm *caused by* [do-not-call] Registry violations") (emphasis added). *See also* 47 U.S.C. § 227(c)(1) (the FCC "shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations *to which they object*," including creating "industry-based or company-specific 'do not call' systems") (emphasis added).[3] *Cf. Johansen v. Efinancial LLC*, No. 2:20-cv-01351-RAJ-BAT, 2021 WL 7161969, at *6–9 (W.D. Wash. June 11, 2021), *R. & R. adopted*, No. 2:20-CV-01351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022) (calls made while customer consented to communications do not trigger § 227(c)(5)); *Gibbs v. SolarCity Corp.*, 239 F. Supp. 3d 391, 397 (D. Mass. 2017) ("The complaint alleges numerous unsolicited calls after

---

[3] As stated in *Charvat v. ATW, Inc.*:
> The purpose of [§ 227(c)(5)] is to prevent repeated telemarketing calls *to someone who has told the telemarketer not to call*. No private right of action accrues and a telemarketer is not in violation of the statute unless and until it telephones a party more than once in any twelve-month period *after* the person has informed the telemarketer that he or she does not want to be called.

127 Ohio App. 3d 288, 292, 712 N.E.2d 805, 807 (1998) (emphasis added).

[plaintiff's] first revocation of consent. Certainly 'more than one,' which is all that is required.").[4]

The Court cannot infer that Sonic sent two violative texts when Collins has only plausibly alleged one violative text. *Cf. Krakauer*, 925 F.3d at 657 ("Suit can only be brought by those who receive multiple violative calls. Calls are only violative if the phone number was on the Do-Not-Call registry."). Simply put, "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" Collins receiving more than one text by Sonic in violation of the regulations "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. Conclusion

Collins has not plausibly alleged a claim for a violation of § 227(c)(5) based on the July 11 Text because he has not sufficiently alleged that it was sent "in violation of" any regulation. He has therefore only plausibly alleged receipt of one communication

---

[4] It should be noted that the Court is not making any conclusions regarding whether Collins could eventually *recover damages* for the July 11 Text if he could state a claim. An issue that arises in some other do-not-call cases is whether, because the statute uses "more than one," this means that plaintiffs cannot recover damages for the first call—they can only recover for subsequent calls. But the dispute in this case is whether, for the purposes of *stating a claim*, a plaintiff must plausibly allege at least two communications were made in violation of the relevant regulations. Here, Collins has not plausibly alleged that some violation of the regulations led to the July 11 Text. The measure of damages *after* plaintiffs can state a claim is a different issue.

8

from Sonic in violation of § 227(c)(5), but that statute plainly requires that he receive "more than one" communication.

Accordingly, the Court GRANTS the Motion to dismiss the amended complaint. Sonic requests that the Court dismiss the action with prejudice. The amended complaint is Collins's second complaint filed in this action.[5] Collins fails to respond to Sonic's requested with-prejudice dismissal in his briefing or seek leave to amend in response to the Motion. Consequently, the Court has no argument or analysis before it regarding how the pleading deficiency could be cured by allowing further amendment. With no request to amend and no argument on how amendment would cure the defect, the Court will dismiss the action with prejudice as requested by Sonic. *See Slocum v. Corp. Express U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) (unpublished) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal *with* prejudice."); *Higgins v. City of Tulsa*, 103 F. App'x 648, 651 (10th Cir. 2004) (unpublished) (same).

IT IS SO ORDERED this 22nd day of June 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] Moreover, consistent with the Court's chamber procedures for civil cases requesting that parties confer before filing motions to dismiss, the parties conferred through counsel. Despite Sonic explaining the basis for its Motion, the parties were unable to reach an accord. *See* [Doc. No. 31 at 2 n.1 (explaining the parties conferred through counsel regarding whether plaintiff could maintain a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d) "given that it is undisputed that plaintiff did not receive more than one text message after allegedly opting out"); Doc. No. 33 at 2 n.2 ("Despite having amended the original Complaint after counsel for the parties conferred on this issue, Plaintiff still cannot allege more than one call in violation of the TCPA and thus cannot plead a claim under § 227(c), and therefore his [amended] Complaint should be dismissed with prejudice.")].